ORIGINAL

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

CLERK OF DISTRICT COURT
NORTHERN DIST. OF TX
FORT WORTH DIVISION
FILED

2019 SEP 13 PM 3: 41

DEPUTY CLERK_____
CTJ

VICTOR ALEX TABER, JR.,
    Movant,

v.

UNITED STATES OF AMERICA,
    Respondent.

No.    4:19-CV-566-A
        (4:17-CR-157-A)

## RESPONSE TO MOTION UNDER 28 U.S.C. § 2255

This Court should dismiss Victor Alex Taber, Jr.'s 28 U.S.C. § 2255 motion

because he procedurally defaulted his only claims for relief. (*See* CV No. 1.)[1]

Alternatively, this Court should summarily reject his claims because they are conclusory.

## STATEMENT OF THE CASE

Taber was a drug dealer. He would receive multi-ounce quantities of

methamphetamine and gamma-hydroxybutyric acid (GHB) and then sell those drugs to

his customers throughout Fort Worth and Dallas. (*See* PSR ¶¶ 6-8.) Taber pled guilty to

a one-count information that charged him with conspiracy to possess with intent to

distribute a controlled substance. (*See* CR Nos. 98, 99, 100.) This Court sentenced him

within his advisory-guideline range. *See United States v. Taber*, 764 F. App'x 426, 427

(5th Cir. 2019) ("[Taber] received a within-Guidelines sentence of 365 months in

prison.").

---

[1] "CV No. __" refers to the docket number of this Section 2255 action. "CR No. __" refers to the docket number of the underlying criminal proceeding, *United States v. Taber*, 4:17-CR-157-A (2) (N.D. Tex.). "PSR" refers to Taber's Presentence Investigation Report, which is docketed in his criminal case at entry No. 117-1.

Taber filed a direct appeal challenging this Court's guidelines calculations, *see id.* at 427-28, but he did not raise on appeal the claims he presses now. Here, Taber argues that this Court was without jurisdiction in this federal criminal case because his criminal judgment somehow violated the Constitution. (*See* CV No. 1 at 1 ("the sentence was imposed in violation of the Constitution, the court was without jurisdiction to impose such sentence.").) But he fails to explain the nature of his constitutional challenge.

## ARGUMENT AND AUTHORITIES

Under 28 U.S.C. § 2255, a prisoner may move the convicting court to vacate, set aside, or correct her conviction or sentence. The statute provides four grounds for relief: "(1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is 'otherwise subject to collateral attack.'" *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996) (citation omitted).

Taber procedurally defaulted his claims when he failed to raise them on direct appeal. "A defendant can challenge his conviction after it is presumed final only on issues of constitutional magnitude and may not raise an issue for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991) (internal citations omitted). "The Supreme Court has emphasized repeatedly that a collateral challenge may not do service for an appeal." *Id.* (internal quotation marks omitted). Taber did not challenge this Court's jurisdiction or the constitutionality of the

statute under which he stands convicted on direct appeal. *See Taber*, 764 F. App'x at 426-27. And he has made no effort here to show cause or prejudice to overcome his procedural default. Therefore, this Court should dismiss his motion with prejudice as procedurally barred. *See, e.g., Schenck v. United States*, No. 4:19-CV-229-A, 2019 WL 2717109, at *3 n.4 (N.D. Tex. June 28, 2019) (noting that Schenck's claim also failed because he procedurally defaulted it).

Even if Taber could overcome his default, his claims are fatally conclusory. *See United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) (noting that pro se litigants are still required to provide sufficient facts in support of their claims, and even under the rule of liberal construction, "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue"). He challenges this Court's jurisdiction on the ground that his criminal judgment violated the Constitution, but he never explains why or how that is so. The closest he comes is claiming that Title 21 "punish[es] as a debt charges through such a fraud contract" and alleging that "[n]o public official has a right to override the provisions of this claim. See Filing No, 20001120001." (CV No. 1 at 3, 4.) His failure to explain "what possible constitutional challenges he might have" is fatal to his claims for relief. *Roberson v. United States*, No. 4:18-CV-997-A, 2019 WL 1115858, at *3 (N.D. Tex. Mar. 11, 2019).

More fundamentally, Taber's attempts to evade this Court's jurisdiction are frivolous. Federal district courts have exclusive original jurisdiction over "all offenses against the laws of the United States." 18 U.S.C. § 3231. Taber committed an offense against the United States, and his arguments about "fraud contracts," "debt charges," and

the "Migratory Bird Case" cannot form the basis for setting aside his conviction and sentence. *See, e.g., United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990) (stating that the sovereign citizen defense to the district court's jurisdiction "has no conceivable validity in American law"). His claims have no arguable merit.

## CONCLUSION

For these reasons, this Court should dismiss Taber's motion because he defaulted his claims. Alternatively, this Court should reject his claims on their merits.

Respectfully submitted,

Erin Nealy Cox
United States Attorney

Jonathan Bradshaw
Assistant United States Attorney
Colorado Bar No. 43838
1100 Commerce Street, Third Floor
Dallas, Texas 75242
Telephone: (214) 659-8600
jonathan.bradshaw@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that, on September 13, I filed this response with the clerk of court for the U.S. District Court, Northern District of Texas. I also certify that a copy of this response was sent to Victor Alex Taber, Jr., Register Number 50163-177, Beaumont Medium FCI, P.O. Box 26040, Beaumont, Texas 77720.

Jonathan Bradshaw
Assistant United States Attorney