U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

OCT - 8 2019

CLERK, U.S. DISTRICT COURT
By_____
          Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

VICTOR ALEX TABER, JR., §
§
Movant, §
§
VS. § NO. 4:19-CV-566-A
§ (NO. 4:17-CR-157-A)
UNITED STATES OF AMERICA, §
§
Respondent. §

## MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Victor Alex Taber,

Jr., movant, under 28 U.S.C. § 2255 to vacate, set aside, or

correct sentence. After having considered the motion, the

government's response, and pertinent parts of the record in Case

No. 4:17-CR-157-A, styled "United States of America v. Cameron

Miles Baker, et al.," the court has concluded that the motion

should be dismissed.

In reply to the government's response, movant has filed a

motion to withdraw his motion without prejudice. He does not cite

any authority in support of the motion and the court is aware of

none. The court is not persuaded that a movant can wait until it

becomes evident that his motion will be denied on the merits or

dismissed before seeking leave to withdraw it. See Felder v.

McVicar, 113 F.3d 696, 698 (7th Cir. 1997). Cf. Kramer v. Butler,

845 F.2d 1291, 1294-95 (5th Cir. 1988).

I.

Background

Information contained in the record of the underlying

criminal case discloses the following:

On September 20, 2017, movant was named in a one-count

information charging him and others with conspiracy to possess

with intent to distribute 50 grams or more of a mixture and

substance containing a detectable amount of methamphetamine, in

violation of 21 U.S.C. § 846. CR Doc.[1] 80. On October 3, 2017,

movant appeared before the court with the intent to enter a plea

of guilty to the offense charged without benefit of a plea

agreement. CR Doc. 98. Movant and his attorney signed a factual

resume setting forth the elements of the offense, the maximum

penalty movant faced, and the stipulated facts supporting

movant's guilt. CR Doc. 100. They also signed a waiver of

indictment. CR Doc. 99. Under oath, movant stated that no one had

made any promise or assurance of any kind to induce him to plead

guilty. Further, movant stated his understanding that the

guideline range was advisory and was one of many sentencing

factors the court could consider; that the guideline range could

not be calculated until the presentence report ("PSR") was

---

[1]The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:17-CR-157-A.

prepared; the court could impose a sentence more severe than the sentence recommended by the advisory guidelines and movant would be bound by his guilty plea; movant was satisfied with his counsel and had no complaints regarding his representation; and, movant and counsel had reviewed the factual resume and movant understood the meaning of everything in it and the stipulated facts were true.

The probation officer prepared a PSR that indicated that movant's base offense level was 32. CR Doc. 117, ¶ 28. He received a two-level enhancement for possession of a firearm, id. ¶ 29, a two-level enhancement for importation, id. ¶ 30, and a two-level enhancement for maintaining a drug premises, id. ¶ 31. He received a two-level and a one-level reduction for acceptance of responsibility. Id. ¶ 37, 38. Based on a total offense level of 35 and a criminal history category of VI, movant's guideline range was 292 to 365 months. Id. ¶ 101. Movant filed objections, CR Doc. 195, and the probation officer prepared an addendum to the PSR. CR Doc. 141. Movant again filed objections. CR Doc. 196. The probation officer prepared a second addendum to the PSR. CR Doc. 164.

On February 2, 2018, movant was sentenced to a term of imprisonment of 365 months. CR Doc. 173. He appealed, CR Doc.

201, and his sentence was affirmed. <u>United States v. Taber</u>, 764 F. App'x 426 (5th Cir. 2019).

## II.

## Grounds of the Motion

The court is unable to discern any ground in support of movant's motion. Doc.[2] 1. As best the court can tell, movant contends that his sentence was imposed in violation of the constitution.

## III.

## Standard of Review

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. <u>United States v. Frady</u>, 456 U.S. 152, 164-165 (1982); <u>United States v. Shaid</u>, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. <u>Shaid</u>, 937 F.2d at 232.

---

[2]The "Doc. __" reference is to the number of the item on the docket in this civil action.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974); United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

IV.

Analysis

As the government notes, a collateral challenge may not do service for an appeal. Doc. 9 at 2 (quoting United States v. Shaid, 937, 228, 232 (5th Cir. 1991)). Movant could and should have raised the arguments he now makes on direct appeal and failed to do so. See Taber, 764 F. App'x at 427-28 (discussing grounds raised on appeal). Moreover, the claims are conclusory and insufficient to raise a constitutional issue. United States

5

v. Pineda, 988 F.2d 22, 23 (5th Cir. 1993); Ross v. Estelle, 694
F.2d 1008, 1011 (5th Cir. 1983).

V.

Order

The court ORDERS that movant's motion be, and is hereby,
dismissed.

Pursuant to Rule 22(b) of the Federal Rules of Appellate
Procedure, Rule 11(a) of the Rules Governing Section 2255
Proceedings for the United States District Courts, and 28 U.S.C.
§ 2253(c)(2), for the reasons discussed herein, the court further
ORDERS that a certificate of appealability be, and is hereby,
denied, as movant has not made a substantial showing of the
denial of a constitutional right.

SIGNED October 8, 2019.

_____
JOHN McBRYDE
United States District Judge